FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Apr 12, 2023**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE R. GRAY,<br><br>        Plaintiff,<br><br>    v.<br><br>CPT FUNDING,<br><br>        Defendant. | No.   2:23-CV-0006-JAG<br><br>ORDER ON MOTIONS |

**BEFORE THE COURT** are Defendant's Motion to Dismiss for Improper Venue or to Transfer Venue to Arizona, ECF No. 3, Plaintiff's Motion to Remand Stay Notice an Appeal Petition, ECF No. 6, Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 5, and Plaintiff's Motion to Obtain Electronic Case Filing Authorization, ECF No. 15.  Defendant requests that the Court dismiss the case or, in the alternative, transfer jurisdiction to the District of Arizona where the parties have litigated the same/similar issues previously.  Plaintiff asks that the Court remand the case back to Spokane Superior Court to allow her to appeal the removal to Federal Court.

The parties presented oral argument on March 29, 2023.  Plaintiff appeared *pro se* and Defendant was represented by Nicholas Kovarik.  All parties appeared telephonically.  The Court has considered the pending motions, the file in this

ORDER - 1

matter, and the arguments of the parties, and is fully informed. This Order memorializes the Court's findings stated during the hearing.

Plaintiff originally filed suit in Spokane County Superior Court alleging several causes of action arising from the foreclosure of real property in South Carolina following default on a loan issued by Defendant. The causes of action include several federal claims as well as some arising in tort and possibly contract law. The Complaint cites to federal statutes, Delaware statutes, as well as generally mentioning tort and contract law. Defendant removed the case to federal court on January 6, 2023. ECF No. 1.

The federal removal statute generally provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The right to remove a case lies solely with the Defendant. *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1255 (9th Cir. 1988). A Plaintiff, however, may seek remand to state court if removal was improper. 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction . . . Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). An improperly removed case may be remanded to state court:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

ORDER - 2

Any grounds for remand beyond lack of jurisdiction must be raised by the party seeking remand. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017) (A "district court lacks the authority to remand a case *sua sponte* for procedural defects."). The Fifth Circuit "defined 'any defect in removal procedure' as 'all non-jurisdictional defects existing at the time of removal.'" *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1545–46 (5th Cir. 1991). However, the court must remand *sua sponte* if the district court lacks subject matter jurisdiction. *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1358 (9th Cir. 1997), *see also Kelton Arms Condominium Owners Ass.n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190 (9th Cir. 2003).

Plaintiff argues in her motion to remand that defendant "improvidently and without jurisdiction" removed the case from state court. The Court finds, however, that removal in this case was proper.

Defendant asserts federal question jurisdiction.[1] United States district courts have original federal-question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In her Complaint, Plaintiff asserts claims under the Dodd-Frank Act, specifically citing to several federal statutes including 15 U.S.C. §§ 1639, 1640, and 12 U.S.C. §§ 5201, 5219. Alleged violations of federal lending statutes confer federal question jurisdiction. *See e.g. Peterson v. Wells Fargo Bank*, 556 F.Supp. 1100, 1105–06. For the remainder of the claims the Court exerts supplemental jurisdiction pursuant

---

[1] Additionally, although Defendant relies solely on federal question jurisdiction, the Court notes, without finding, that diversity jurisdiction may exists as well. Defendant is an Arizona limited liability company, with its principal place of business in Arizona. Plaintiff resides in New York. The amount in controversy well exceeds $75,000 as Plaintiff seeks $850,000 in damages.

ORDER - 3

to 28 U.S.C. § 1367 because "all other claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Additionally, though Plaintiff appears to suggest that the Washington State courts should have the opportunity to preside over state statutory claims, Plaintiff's Complaint is devoid of references to the Revised Code of Washington. Plaintiff raises no other alleged defects with removal.

In the alternative, Plaintiff appears to request that the Court stay the proceedings, including any decision on Defendant's pending motion, until appeal proceedings are complete in state court addressing removal. Defendant, however, filed a letter from the Washington State Supreme Court documenting that there is no pending appeal. ECF No. 11-3. Although a facially defective attempt at removal is not an automatic divestment of the state court's jurisdiction, Defendant has demonstrated compliance with the statutory removal requirements, so pursuit of appeal in state court will be futile. *See Booth v. Stenshoel*, 96 Wash.App. 1019 (1999).

Having decided that removal to this Court was proper, the Court now turns to Defendant's motion to either dismiss or transfer venue. Plaintiff bears the burden of establishing proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979). The federal venue statute provides for proper venue in the following three instances:

> (b) Venue in General. A civil action may be brought in--
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

ORDER - 4

>       (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The statues further provides the following with regard to residency:

> For all venue purposes . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . .

28 U.S.C. § 1391(c)(2). Additionally, corporate defendants reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Thus, to establish proper venue, Plaintiff must demonstrate that this court either maintains general or specific jurisdiction over the Defendant. *Id., see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797 (9th Cir. 2004). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 1121 (2014).

Here, Plaintiff has not established that venue is proper. Defendant is not a resident of the Eastern District of Washington and Plaintiff provided no evidence supporting venue in the Eastern District of Washington. Rather, Defendant demonstrated that CTP Funding, LLC is incorporated in the State of Arizona, and that the sole statutory agent, Tyler Stone, though not a party, also resides in Arizona. Plaintiff also provided no information to suggest that Defendant has any

ORDER - 5

contacts with the Eastern District of Washington. Defendant submitted the only documentation of a connection to this district, Defendant's registration as a "Foreign Limited Liability Company" with the Washington Secretary of State.

Additionally, no events or omissions arising from this case occurred in the Eastern District of Washington. The real property at issue in this case is located in South Carolina. Defendant's business and all LLC members are located in Arizona. Plaintiff resides in New York. There is nothing about this case that relates to this District in any way.

Additionally, other districts, namely the District of Arizona, are available for suit. In fact, Plaintiff has pursued a lawsuit advancing substantially similar claims in the District of Arizona and in Mariposa County. Ultimately, because Plaintiff has failed to establish any of the conditions outlined in 28 U.S.C. § 1391(b) apply, venue is not proper in the Eastern District of Washington.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, 28 U.S.C. § 1406(a) instructs a court to transfer a case from the "wrong" district to a district "in which it could have been brought." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 58 (2013). As discussed above, the Eastern District of Washington is the wrong district for this litigation because none of the conditions set forth in 28 U.S.C. § 1391(b) are present.

Accordingly, this Court will transfer jurisdiction to the District of Arizona where the parties previously agreed that venue was proper. Transfer allows the court that previously addressed Plaintiff's claims to preside over the case again and discourages what appears to be forum shopping on the part of the Plaintiff, who

has filed suit in several jurisdictions alleging the wrongs already adjudicated in the District of Arizona.

**IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand Stay Notice an Appeal Petition, **ECF No. 6,** is **DENIED**.

2. Plaintiff's Motion for Appointment of Pro Bono Counsel, **ECF No. 5,** is **DENIED AS MOOT**. Plaintiff may renew this motion upon transfer.

3. Defendant's Motion to Dismiss for Improper Venue or to Transfer Venue to Arizona, filed January 27, 2023, **ECF No. 3**, is **GRANTED in part and DENIED in part**. Venue shall be transferred to the District of Arizona.

4. Plaintiff's Motion to Obtain Electronic Case Filing Authorization, **ECF No. 15**, is **DENIED AS MOOT**. Plaintiff may seek electronic case filing authorization with the District of Arizona if permissible through that District's rules.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to counsel and *pro se* Plaintiff.

DATED April 12, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7